UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ESTATE OF FRANCISCO MANUEL CESENA, et al, <br><br>Plaintiff, <br><br>v. <br><br>UNITED STATES OF AMERICA, et al., <br><br>Defendant. | Case No.: 15-CV-2241-WVG <br><br>**ORDER GRANTING EX PARTE PETITION TO APPROVE SETTLEMENT INVOLVING A MINOR** <br><br>**[ECF No. 69]** |
|---|---|

Presently before the Court is Plaintiffs' *ex parte* Petition for approval of a settlement involving a minor, F.C. (or "Minor Plaintiff"). Having considered the moving papers, all documents lodged directly with the Court, and the information provided at the hearing held on December 13, 2017, the Court finds the settlement is fair, reasonable, and in the best interest of the minor. Accordingly, Plaintiffs' unopposed Petition is **GRANTED**.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

# I. BACKGROUND

**A. Factual Allegations**[1]

On December 24, 2014, decedent Francisco Manuel Cesena crossed into the United States of America from Mexico at the San Ysidro Port of Entry. (Pet., ECF No. 69 at 3:14-16.) The decedent had an outstanding warrant for his arrest and was detained at the port of entry. (*Id.* at 3:17-19.) Suddenly, and without provocation, the decedent arose from his seat, leapt over a counter and attacked border patrol agents. (*Id.* at 3:20-24.) A lengthy struggle ensued, and border patrol agents used a Taser weapon on the decedent. (SAC, ECF No. 53 at ¶ 120.) The decedent was restrained, face-down. (Pet. at 4:3-5.) The decedent stopped breathing and border patrol agents administered CPR while awaiting paramedics. Cesena died on December 24, 2014.

On February 23, 2017, the Estate of Francisco Manuel Cesena, Manuel Salvador Cesena, Trinidad Cesena, Jonathan Jose Trinidad Cesena, Lucitania Juliana Cesena, and the Minor Plaintiff filed a Second Amended Complaint, pursuing *Bivens* claims for wrongful death, failure to properly supervise and intervene, excessive force, failure to train, and deliberate indifference to serious medical needs.[2] (*See* SAC, ECF No. 53.) Plaintiffs also alleged wrongful death, assault and battery, intentional infliction of emotional distress, and negligence pursuant to the Federal Tort Claims Act. (*See id.*)

**B. The Proposed Settlement and Distribution**

The parties came to a global settlement of $350,000, which will be divided equally amongst the five plaintiffs.[3] (Pet. at 4:21-24.) Attorney's fees requested are at the statutory maximum of 25%, amounting to $87,500. *See* 28 U.S.C. § 2687. Attorney's fees attributed to Minor Plaintiff are $17,500. Plaintiffs assert the cost of litigation is $35,968.28. (Pet. at 5:12-13.) Costs of litigation attributed to Minor Plaintiff are $7,193.60. Thus, the lump sum

---

[1] The factual allegations herein are for background purposes only.
[2] The case was originally filed on October 7, 2015. (*See* Compl., ECF No. 1.)
[3] The Estate of Francisco Manuel Cesena will dismiss all claims without taking from the settlement. (Pet. at 4:21-24.)

to be paid to Minor Plaintiff is $45,306.40 after fees and costs.

## II. LEGAL STANDARD

District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), "to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978); *see also Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) (holding that "a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem").

The Ninth Circuit has also made clear that, in cases involving the settlement of federal claims, district courts should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable in light of the facts of the case, the minor's specific claim, and recovery in similar cases," and should "evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for the adult co-plaintiffs or plaintiffs' counsel - whose interests the district court has no special duty to safeguard." *Robidoux*, 638 F.3d at 1181-82 (citing *Dacany*, 573 F.2d at 1078). "So long as the net recovery to each minor plaintiff is fair and reasonable in light of their claims and average recovery in similar cases, the district court should approve the settlement as proposed by the parties." *Id.* at 1182.

## III. ANALYSIS

In light of the facts of the case, the claims brought, and recoveries by similarly situated plaintiffs, the settlement sum to F.C. is fair, reasonable, and in the best interest of the minor.

This action commenced on October 7, 2015, and the facts of the case have been

3

15-CV-2241-WVG

developed over the course of the litigation. The settlement was reached on the eve of pretrial motions being filed, after the conclusion of all discovery.

The Court has viewed a surveillance camera recording of the encounter between the decedent and U.S. Customs and Border Protection officers. The video was very clear and there were almost no visual obstructions. The audio portion of the recording, although cluttered with the sounds of the dramatic activity, was clear enough to hear the officers ordering the decedent to calm down and to stop resisting (all after the decedent attacked the agents without provocation and was subdued by a number of officers), along with the decedent's profane responses as he continued to resist the officers efforts. The recording unequivocally shows the decedent was the aggressor. The decedent's aggressive and near superhuman strength required many officers to bring him under control, necessitating the use of a Taser. To the Court, the officers' use of force was eminently reasonable under the circumstances.

Whether the agents responded appropriately and employed proper positioning techniques after the dramatic struggle began and the use of the Taser occurred is a close call and forms the gravamen of the plaintiffs' case. Even if plaintiffs' were to prevail on liability, the Court believes a more difficult challenge lied ahead for them in proving damages. The evidence available to the Court showed the decedent was frequently unemployed, was in and out of jail to the point that he had very little contact with the Minor Plaintiff and provided very little in the form of fatherly support.

The settlement allows for certainty of recovery for Minor Plaintiff, as opposed to the uncertainty associated with a jury verdict, given the significant challenges of proving liability and establishing any meaningful financial support. Furthermore, although the Petition does not identify any other cases involving circumstances similar to those alleged in the matter at bar, the Court performed its own review of the case law and finds that Minor Plaintiff's net recovery to be fair and reasonable under the circumstances. *See*, *e.g.*, *Napier by and through Quiroz v. San Diego County*, 2017 WL 5759803 (S.D. Cal. November 28, 2017) (finding settlement of minor's claims against San Diego County for

the death of his father for $41,125 fair and reasonable; *Swayzer v. City of San Jose*, 2011 WL 3471217, at *1 (N.D. Cal. Aug. 5, 2011) (finding settlement of minor's section 1983 claims against the City for $2,054.17 fair and reasonable); *Doe ex rel. Scott v. Gill*, 2012 WL 1939612, at *2 (N.D. Cal. May 29, 2012) (finding settlement of minor's section 1983 claims for the death of her mother for $7,188 fair and reasonable); *Armstrong v. Dossey*, 2013 WL 4676541, at *5 (E.D. Cal. Aug. 30, 2013) (finding settlement of minors' § 1983 claims for their father's death for $22,500 for minor with close relationship to father and $11,000 to minor with little to no relationship with father fair and reasonable); *Frary v. Cnty. of Marin*, 2015 WL 575818 (N.D. Cal. Feb 10, 2015) (finding settlement of minor's § 1983 and negligence claims for a net recovery of $73,844.39 fair and reasonable); *Lobaton v. City of San Diego*, 2017 WL 2610038, at *3 (finding settlement of minor's emotional distress and negligent infliction of emotional distress claims for $10,000.00 fair and reasonable.).

The method of disbursement also appears to be fair and reasonable. The proceeds of the settlement will be deposited into a structured settlement annuity. (Pet. at 9:8-17.) The annuity will pay out to the Minor Plaintiff in four equal payments once the Minor Plaintiff reaches the age of majority.

## IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** the *ex parte* Petition. It is further **ORDERED** that:

(1) Pursuant to Local Civil Rule 17.1(b)(1), any funds recovered by a minor must be paid and distributed in accordance with California Probate Code §§ 3600 *et seq*.

(2) No bond is necessary for the establishment of the annuity;

(2) The first accounting for the trust shall be filed with a court of competent jurisdiction within one year of the establishment of the trusts;

(3) A copy of the executed annuity agreement shall be filed with the Court prior to the distribution of the annuity; and

(4) The Court makes no specific finding or order with respect to whether the annuity

5

satisfies or complies with applicable federal laws or regulations.

(6) The Court will convene an attorneys-only telephonic status conference at **8:30 P.M.** on **March 21, 2018**. On or before **March 19, 2018**, each attorney intending to participate in the status conference must lodge, via electronic mail to efile_gallo@casd.uscourts.gov, a telephone number at which they may be reached directly and without fail.

**IT IS SO ORDERED**.

Dated: January 23, 2018

_____
Hon. William V. Gallo
United States Magistrate Judge